IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00152-PAB-KMT

JOHN DOE,

    Plaintiff,

v.

UNIVERSITY OF DENVER;
UNIVERSITY OF DENVER BOARD OF TRUSTEES;
REBECCA CHOPP, individually and as agent for University of Denver;
KRISTIN OLSON, individually and as agent for University of Denver;
JEAN MCALLISTER, individually and as agent for University of Denver;
KATHRYNE GROVE, individually and as agent for University of Denver; and
ERIC BUTLER, individually and as agent for University of Denver,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR. 7.2 [Docket No. 2]. Plaintiff, a former student at the University of Denver, brings numerous claims against defendants related to their alleged roles in finding that, while a student, plaintiff engaged in non-consensual sexual contact with another student, leading to his expulsion. *See generally* Docket No. 2-1.

Plaintiff seeks to proceed in this lawsuit under the pseudonym "John Doe." As grounds, plaintiff cites the "highly sensitive and personal nature of this litigation" and "privacy issues that could be involved with being falsely linked to an instance of alleged sexual misconduct." Docket No. 2 at 5. Plaintiff also argues that, were he forced to reveal his identity to pursue this lawsuit, "any ultimate success in this matter would be

negated by the disclosure of his name." *Id.* Service has been effected on all defendants in this matter, *see* Docket Nos. 7, 9-14, and defendants have filed an answer to plaintiff's complaint. Docket No. 20. Defendants have not responded to plaintiff's motion to proceed under a pseudonym. The Court, therefore, infers that defendants take no position on this motion.

The Supreme Court has acknowledged a common law right of the public to access judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002). There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor non-disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a plaintiff should be permitted to proceed under a pseudonym. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). Because the general rule is that lawsuits are to be public, a plaintiff will be allowed to proceed pseudonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Id.* at 803 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

The majority of cases that have considered this issue have allowed an individual

who brings claims against his college or university alleging that he was wrongly found to have committed sexual misconduct to proceed under a pseudonym, particularly when the request is unopposed. *See Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) (allowing plaintiff to proceed pseudonymously after defendant "consented . . . in light of the 'sensitive subject matter and the age of the students involved'"); *Doe v. Univ. of Mass.-Amherst*, 2015 WL 4306521, at *1 (D. Mass. July 14, 2015) (no indication that plaintiff's request to proceed under a pseudonym was opposed); *Doe v. Washington & Lee Univ.*, 2015 WL 4647996, at *1 (W.D. Va. Aug. 5, 2015) (same); *Doe v. Univ. of S. Fla. Bd. of Trustees*, 2015 WL 3453753, at *1 (M.D. Fla. May 29, 2015) (same); *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("[s]hould plaintiff prevail in proving that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges"); *but see Doe v. Temple Univ.*, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (the argument that a plaintiff would be unable to attend medical school unless his record is cleared is "exactly the kind of embarrassment and economic harm that does not support the use of a pseudonym") (citation and quotation omitted).

Consistent with the above-cited authorities, the fact that no party has opposed plaintiff's request, and the lack of any evidence that plaintiff's identity has been made public in connection with the subject matter of this lawsuit, the Court will allow plaintiff to proceed pseudonymously at this juncture. Accordingly, it is

**ORDERED** that plaintiff's Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR. 7.2 [Docket No. 2] is **GRANTED**.

DATED April 21, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge