IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00152-PAB-STV

JOHN DOE,

  Plaintiff,

v.

UNIVERSITY OF DENVER;
UNIVERSITY OF DENVER BOARD OF TRUSTEES;
REBECCA CHOPP, individually and as agent for University of Denver;
KRISTIN OLSON, individually and as agent for University of Denver;
JEAN MCALLISTER, individually and as agent for University of Denver;
KATHRYNE GROVE, individually and as agent for University of Denver; and
ERIC BUTLER, individually and as agent for University of Denver,

  Defendants.

## MINUTE ORDER

**Entered by Judge Philip A. Brimmer**

  This matter is before the Court on Plaintiff's Motion to Reconsider Ruling on Motion for Excess Pages in Response to Defendants' Motion for Summary Judgment [Docket No. 83]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

  On May 4, 2017, defendants filed a motion for leave to file a 27-page motion for summary judgment. Docket No. 64. The Court granted defendants' motion and prospectively gave plaintiff leave to file a 27-page response. Docket No. 65. On May 25, 2017, plaintiff filed a motion for leave to file a 35-page response to defendants' motion for summary judgment. Docket No. 75. In support, plaintiff noted the length of defendants' motion and the "seven different legal theories" defendants presented in support of relief. Docket No. 75 at 2, ¶ 1. The Court denied plaintiff's motion. Docket No. 76. Plaintiff filed a motion to reconsider. Docket No. 83.

  The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated

re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's motion for reconsideration does not identify any newly available arguments or evidence in support of plaintiff's request. Instead, plaintiff argues that the complexity of defendants' motion for summary judgment, the unsettled nature of the legal disputes in this case, and the scope of the record in this case warrant a 35-page response to defendants' motion for summary judgment. Docket No. 83 at 2-3, ¶¶ 1-7. The facts underlying each of these arguments were available to plaintiff at the time he filed his initial motion. The Court finds that plaintiff has failed to present grounds for reconsideration of its prior order. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Reconsider Ruling on Motion for Excess Pages in Response to Defendants' Motion for Summary Judgment [Docket No. 83] is **DENIED.**

DATED: June 8, 2017.